## SUPREME LODGE KNIGHTS OF HONOR
### V.
## BERTHA DALBERG.

*Life Insurance — Mutual Benefit Society — Certificate —Conditions—Assessments—Notice—Forfeiture.*

In an action by the beneficiary in a mutual benefit certificate to recover thereon, defendant contending that assured was suspended before his death because of failure to pay certain assessments, this court holds that the evidence does not warrant the assumption that notice thereof in accordance with the laws of the order was ever properly sent to, or received by him, and declines to interfere with the judgment for the plaintiff.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD C. CLIFFORD, Judge, presiding.

Messrs. CRATTY BROS. & ASHCRAFT, for appellant.

Messrs. THEODORE SCHINTZ and JAMES A. PETERSON, for appellee.

GARNETT, J. Appellant is a benevolent society, chartered by special act of the State of Kentucky. It has established a supreme lodge, grand lodges and subordinate lodges. The supreme lodge consists of representatives of the several grand lodges, and the grand lodges (of which there is one in each State and Territory), of representatives elected by the subordinate lodges.

Each lodge has an officer styled "reporter," who is really a secretary. The laws of the order provide for issuing a benefit certificate to each member, by which his beneficiary is entitled to $2,000 from the widows and orphans' benefit fund, if he has complied with the laws of the order, and is in good standing at the time of his death. This fund is made up from the assessments levied upon, and paid by, the several members of the subordinate lodges. The laws of the order require notice of the assessments to be given by the reporter of the subordinate lodge, either by delivery of the notice, or by mailing the same, to each member of his lodge, at his last or usual place of residence or business, and they also provide that each member shall pay the amount due within thirty days from the date of such notice, or stand suspended.

On June 15, 1881, Isaac Dalberg became a member of one of the subordinate lodges, a certificate was issued to him for $2,000, naming Bertha Dalberg as the beneficiary, and he is

admitted to have remained a member in good standing until July, 1886. An assessment was called June 16th, and another June 20, 1886. Dalberg never paid either of those assessments, but after his death this suit was brought by the beneficiary, on the certificate. Notice is said to have been given of the first assessment on June 16th, and of the other on July 1st, and the claim of appellant is that Dalberg stood suspended on July 16th, for the call of June 16th, but if that was ineffectual, then he stood suspended August 1st, on the call of June 20th.

The force of the defense depends on the notice to Dalberg. He was not required to pay any assessment of which he had no notice. The evidence only shows that notice was mailed to him, but where the notice was sent does not appear, nor does the evidence show that he ever received notice of either assessment. The member's right being subject to forfeiture in case of non-payment of an assessment, the notice thereof must be given to him substantially in the manner provided in the laws of the order. The extent of this rule, and the necessity of compliance with the law as to notifying the members, are fully set forth in Bacon's Benefit Societies and Life Ins., Sec. 379.

The plaintiff having established a *prima facie* case, and the defense having failed on this vital point, the judgment is affirmed.

*Judgment affirmed.*